ALONZA PADGETT, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

BUFORD, J.—In this case the plaintiff in error was convicted of murder in the first degree and sentenced to death by electrocution. There were 169 assignments of error. The questions presented by these assignments have been grouped by counsel for plaintiff in error, as follows:

"A. The court erred in excusing W. O. Roberts on the ground that W. O. Roberts had been on a jury that had tried this defendant for murder at some time previous to this trial, but not within the last past year.

"B. The action of the court in overruling a challenge for cause as to L. G. Blue, who married a second cousin of our Mr. W. B. Davis.

"C. The action of the court in not permitting testimony of the witnesses who came to Perry, Florida, from Mayo, Florida, and who knew Mrs. J. B. Deas prior to May, 1926, and who knew her general reputation for truth and veracity where she lived at Mayo, Florida, or in Lafayette County, Florida, prior to that time, and could testify, and would have testified as to this, if they had been permitted to do so, that at the time she lived in Lafayette County her general reputation for truth and veracity was not good.

"D. Some different charges of the court.

"E. The evidence did not show that the defendant, if he killed J. B. Deas, did so of and from a premeditated design to effect the death of J. B. Deas.

"F. Other and different minor points."

This grouping of the questions has been helpful to the Court in consideration of the case. We think it can serve no good purpose to consider any of the questions raised except those presented under group "B" and group "C." The question presented under group "C" is whether or not the court erred in refusing to allow witnesses to testify as to the general reputation for truth and veracity of a witness for the State when such question referred to reputation of such witness at a time several months prior to the date of the homicide and in a community where the witness then resided, the same being a community some distance from that in which she resided at the time of the homicide.

Several witnesses had testified to the general reputation for truth and veracity of the State witness referred to in the community where she lived at the time of the homicide, that such reputation was bad and that from such reputation they would not believe her on oath. Then the defense offered other witnesses to prove her general reputation for truth and veracity in the community where she had lived some few months prior to the homicide. Objection was made and sustained and exceptions noted. This evidence, at best, would merely have been cumulative and aside from this fact the entire testimony of the witness sought to be impeached could have been disregarded and held for naught and left standing the testimony of other witnesses which was entirely sufficient to sustain the verdict.

Therefore, while we think the better practice would have been to have admitted the proffered and rejected testimony, we would not hold the same to be reversible error if it alone were relied on for reversal.

Under group "B." there is presented a more serious question. Our statute provides, among other things:

"The judge of any justice of the peace court, county judge's court, county court, criminal court of record, court of record, circuit court or any other court wherein trial by jury is had, shall on motion of either party in any civil cause, or motion of the State or defendant in any criminal cause, examine on oath any person who is called as a juror therein to know whether he is related to either party or to the attorney of either party, within the third degree (or is related to any person alleged to have been wronged or injured by the commission of the crime for the trial of which the juror is called), or has any interest in the cause, or has formed or expressed any opinion, or is sensible of any bias or prejudice therein; or is an employe or has been an employe of either party to the cause of action

within thirty days previous to the trial thereof, and the party objecting to the juror may introduce any other competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent to the cause, or any of the foregoing grounds of objection exists, or that he is otherwise incompetent, another shall be called in his stead for the trial of that cause.''

The juror Blue is shown by the record to have been related by affinity to one of the attorneys for the defendant within the degree specified in the statute. He was challenged upon that ground for cause and the challenge should have been sustained. The record shows that the defendant exhausted all his peremptory challenges before the jury was finally impaneled. It was contended that the defendant had not exhausted his peremptory challenges at the time when Blue was presented to him for acceptance or rejection and that he could have eliminated Blue from the jury by exercising a peremptory challenge. We do not think that this argument finds sanction in the law. Young v. State, 85 Fla. 348, 96 Sou. 381.

A defendant under the law has a certain number of peremptory challenges which he may exercise during the course of selecting a jury and he should not be compelled to exercise one of those challenges on a juror who under the law is subject to a challenge for cause. We think that the showing made in this case comes well within the rule as enunciated by this Court in the case of Walsingham v. State, 61 Fla. 67, 56 Sou. 195, and that because of this error the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD AND BROWN, J. J., concur.

ELLIS, C. J., AND TERRELL AND STRUM, J. J., dissent.